UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EVARISTO CALEBE KABEDI KALONJI,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility; PATRICIA HYDE, Field Office Director of Enforcement and Removal Operations, Boston Field Office, Immigration and Customs Enforcement; MICHAEL KROL, Homeland Security Investigations, New England Special Agent in Charge; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement KRISTI NOEM, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; and PAMELA BONDI, U.S. Attorney General,<br><br>Respondents. | Civil Action No. 1:26-cv-10339-IT |

MEMORANDUM & ORDER

February 2, 2026

TALWANI, D.J.

Petitioner Evaristo Calebe Kabedi Kalonji is a citizen of Angola. See Pet. ¶ 1 [Doc. No. 1]. At some point following his entry to the United States, Petitioner was "served with a Notice to Appear . . . and placed in removal proceedings. His Master Calendar Hearing is scheduled for May 11, 2028[.]" Id. ¶ 22. On January 22, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested and detained Petitioner in South Portland, Maine. Id. ¶ 23. Petitioner asserts that "ICE informed him that his detention resulted simply from a general enforcement operation and not from any specific allegation or individualized basis." Id. ¶ 24. After the arrest, ICE transferred Petitioner to its Field Office in Burlington, Massachusetts, where he is presently detained. Id. ¶¶ 4, 11.

Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1] on January 24, 2026, in which he asserts the following: (1) Respondents' detention of Petitioner without a bond hearing violates Petitioner's Fifth Amendment right to due process; (2) Petitioner is subject to detention under 8 U.S.C. § 1226(a), rather than under 8 U.S.C. § 1225, and is therefore entitled to a bond hearing; and (3) Respondents' detention of Petitioner constitutes unlawful agency action, in violation of the Administrative Procedure Act. See id. ¶¶ 31–51.

Respondents state, "the legal issues presented in this Petition are similar to those recently addressed by this Court in Gutierrez Cabello v. Moniz, Civil Action No. 25-cv-13213-IT (D. Mass. Nov. 26, 2025)." Opp'n 1 [Doc. No. 6]. Respondents acknowledge that, should the court follow the reasoning of this prior decision, "it would likely reach the same result here." Id.

Where the court finds the reasoning in Gutierrez Cabello remains correct, and where nothing in the record indicates that Petitioner is detained under 8 U.S.C. § 1225 rather than under 8 U.S.C. § 1226, the Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED as follows: No later than February 9, 2026, Petitioner must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, 29 I&N Dec. 216 (B.I.A. 2025), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

Respondents shall submit a status report on this matter no later than February 13, 2026.

IT IS SO ORDERED.

February 2, 2026                                               /s/ Indira Talwani
                                                               United States District Judge